IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODNEY M. McCOLLIGAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:17-CV-161-CAR |
| STATE HOME MORTGAGE and : | |
| GEORGIA HOUSING AND : | |
| FINANCE AUTHORITY, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Rodney M. McColligan, a self-proclaimed sovereign citizen,[1] filed this *pro se* action against Defendants State Home Mortgage and Georgia Housing and Finance Authority ("GHFA"). Plaintiff bring a federal claim for rescission under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state-law claims for wrongful foreclosure, fraud, intentional infliction of emotional distress, slander of title, and declaratory relief. Before the Court are Defendants' Motion to Dismiss under Rule 12(b)(6). For the reasons set forth below, the Court **HEREBY GRANTS** Defendants' Motion [Doc. 3] and **DISMISSES** Plaintiff's Complaint [Doc. 1-1] for failure to state a

---

[1] Sovereign citizens believe they are not subject to the laws of any government. *See* "Amendment One to Complaint" [Doc. 6, p. 2] (proclaiming Plaintiff is a "Private American National and Secured Party Creditor, not a Fourteenth Amendment U.S. Citizen"). *See also* "Rodney Bio & Revelations of Truth" [Doc. 20-1, pp. 1-2] (asserting the British Parliament passed a law in 1666 declaring all people "strawmen").

1

claim upon which relief can be granted.  The Court also **DENIES** as **MOOT** Plaintiff's Motion to Recover Original Documents [Doc. 11], Plaintiff's Motion for Jury Trial and Issuance of Subpoena [Doc. 14], Plaintiff's Motion to Confirm Jury Trial [Doc. 20], Defendants' Motion to Dismiss Plaintiff's "Amendment One to Complaint" [Doc. 8], and Defendants' Motion to Strike Plaintiff's "Second Amended Complaint" [Doc. 22].

## BACKGROUND

This suit arises out of the foreclosure of Plaintiff's home.  Although Plaintiff's Complaint contains numerous pages of rambling irrelevancies, the Court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.[2]

On August 20, 2007, Plaintiff signed a Promissory Note and Security Deed to obtain a $95,663.00 mortgage from Market Street Corporation ("Market Street").[3]  The Security Deed granted Market Street the power to foreclose on Plaintiff's home in Warner Robins, Georgia, upon Plaintiff's default.[4]  On September 5, 2007, Market Street assigned the Security Deed to Defendant GHFA.[5]

---

[2] *See, e.g.,* [Doc. 1-1, pp. 3-4].
[3] *Id.* at p. 5.
[4] *See* Security Deed [Doc. 3-2]. Although this document is "outside the four corners of the complaint," it is "central to the plaintiff's claims and is undisputed in terms of authenticity"; thus the Court may consider it in ruling on the Motion to Dismiss. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).
[5] *See* GHFA Authority Transfer and Assignment [Doc 3-3, p. 1]. Like the Security Deed, this document is "central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess*, 433 F.3d at 1340 n.3.

In January of 2017, Plaintiff hired a "Certified Forensic Loan Auditor," who informed him that his mortgage was securitized and transferred to a trust.[6] The auditor also told Plaintiff his mortgage was not assigned to certain intermediary parties before its transfer to the trust, in violation of the Pooling and Servicing Agreement ("PSA") governing the securitization process.[7] Plaintiff subsequently defaulted on his mortgage payments, and Defendants sent Plaintiff a Notice of Default.[8]

On March 27, 2017, Plaintiff filed this action in the Houston County Superior Court. On April 4, 2017, Defendants foreclosed on Plaintiff's home.[9] On April 26, 2017, Defendants removed the case to this Court, invoking the Court's original jurisdiction over Plaintiff's TILA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. On May 1, 2017, Defendants filed their Motion to Dismiss.

On May 17, 2017, Plaintiff filed an "Amendment One to Complaint" [Doc. 6]. Plaintiff's Amendment consists of incoherent pronouncements and adds no new allegations to the original Complaint.[10] On July 11, 2017, Plaintiff filed a "Second Amended Complaint" [Doc. 21] without Defendants' consent or the Court's leave, in violation of Federal Rule of Civil Procedure 15(a). Regardless, Plaintiff's "Second

---

[6] Securitization is a process in which multiple mortgages are bundled and sold to third-party investors.
[7] [Doc. 1-1, p. 6].
[8] *Id.* at p. 14 (admitting Plaintiff defaulted but "not in the manner stated in the Notice of Default").
[9] [Doc. 6, p. 1].
[10] *See* [Doc. 6, p. 2] (proclaiming Plaintiff's "intent to hold accountable liars, thieves, and violators" of his rights).

3

Amended Complaint" is identical to his original Complaint. Although Defendants moved for dismissal before Plaintiff filed his Amended Complaints, Plaintiff's amendments do not change the substance of his allegations. Thus, the Court can consider Defendants' Motion to Dismiss Plaintiff's original Complaint.[11]

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13] In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement."[14] "Factual allegations must be enough to raise a right to relief above the speculative level."[15]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[16] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules, "a complaint must contain sufficient factual matter, accepted as true, to state a

---

[11] *See Clemmons v. Columbus Consol. Gov't*, No. 4:15-CV-54 (CDL), 2015 WL 5722800, at *1 (M.D. Ga. Sept. 29, 2015) (finding judicial economy warrants "taking into consideration the additional facts that [the plaintiff] seeks to allege in her amended complaint").
[12] Fed. R. Civ. P. 8(a)(2).
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[15] *Twombly*, 550 U.S. at 555.
[16] *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

4

claim to relief that is plausible on its face."[17] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[19]

## DISCUSSION

Defendants contend all of Plaintiff's claims—rescission under TILA, wrongful foreclosure, fraud, intentional infliction of emotional distress, slander of title, and declaratory relief—should be dismissed for failure to state a claim. The Court agrees.

### I. Rescission under TILA

First, Plaintiff requests the Court rescind the mortgage transaction under TILA because Defendants failed to disclose the fact that the mortgage "would ultimately benefit Defendants."[20] Plaintiff's rescission claim, however, is barred by TILA's three-year statute of limitations. When a lender fails to comply with TILA's disclosure requirements, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."[21] Here, Plaintiff alleges the mortgage transaction was consummated on August

---

[17] *Iqbal*, 556 U.S. at 678 (internal quotation omitted).
[18] *Id.*
[19] *Twombly*, 550 U.S. at 556.
[20] [Doc. 1-1, p. 17].
[21] 15 U.S.C. § 1635(f).

5

20, 2007—over nine years before Plaintiff filed this action.[22] Accordingly, Plaintiff is not entitled to rescission under TILA.[23]

Having dismissed Plaintiff's only federal claim, the Court must now determine whether to exercise supplemental jurisdiction over the remaining state law claims. A district court may decline to exercise supplemental jurisdiction over such claims if it has dismissed all claims over which it has original jurisdiction.[24] In deciding whether to exercise supplemental jurisdiction, the district court should consider factors such as judicial economy, convenience, fairness to the litigants, and comity.[25] Having fully considered the matter, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

**II.    Wrongful Foreclosure**

Plaintiff bases his wrongful foreclosure claim on two theories: (1) Defendants do not hold the Promissory Note, and (2) Defendants did not comply with the terms of the PSA. To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish (1) a legal duty owed to the plaintiff by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury sustained by the plaintiff; and (4) damages.[26]

---

[22] [Doc. 1-1, p. 5].
[23] *See Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997) (per curiam).
[24] 28 U.S.C. § 1367(c)(3).
[25] *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994).
[26] *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48 (2007).

Here, Plaintiff fails to state a claim under either of his wrongful foreclosure theories. First, Georgia law authorizes the holder of a security deed to foreclose on property even if it does not hold the promissory note.[27] Because Defendant GHFA held the Security Deed, it was authorized to foreclose on Plaintiff's home when he defaulted.[28] Second, Plaintiff has no standing to challenge an alleged violation of the PSA, to which he is not a party.[29] Accordingly, his wrongful foreclosure claim must be dismissed.

### III. Fraud

Next, Plaintiff contends Defendants fraudulently induced him to obtain the mortgage by concealing the fact that the mortgage would be securitized.[30] To state a claim for fraud under Georgia law, a plaintiff must establish (1) a false representation by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff.[31] Additionally, "[a]n obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts."[32]

---

[27] *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (2013).
[28] *See* GHFA Transfer and Assignment [Doc 3-3, p. 1]; Security Deed [Doc. 3-2, p. 3].
[29] *Alexander v. Bank of America, N.A.*, No. 2:13-CV-00067-RWS, 2014 WL 106349, at *6 (N.D. Ga. Jan. 10, 2014). *See also Montgomery v. Bank of America*, 321 Ga. App. 343, 346 (2013).
[30] Although Plaintiff purports to raise separate claims for fraudulent concealment and fraudulent inducement, the latter claim merely restates the arguments in Plaintiff's meritless wrongful foreclosure claim. *See* [Doc. 1-1, pp. 12-13] (contending "Defendants are fraudulently foreclosing on the Property").
[31] *Anderson v. Atlanta Comm. for Olympic Games, Inc.*, 261 Ga. App. 895, 900 (2003).
[32] *Infrasource, Inc. v. Hahn Yalena Corp.*, 272 Ga. App. 703, 705 (2005). *See also* O.C.G.A. § 23-5-53.

7

Here, Plaintiff cannot establish any of these elements because Defendants did not originate the mortgage—Market Street did.[33] Indeed, Plaintiff fails to allege he had any contact whatsoever with Defendants before obtaining the mortgage from Market Street.[34] Thus, Plaintiff's fraud claim must be dismissed.

IV. **Intentional Infliction of Emotional Distress**

Plaintiff's emotional distress claim must also be dismissed. To state a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must demonstrate that (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) the conduct caused Plaintiff emotional distress; and (4) Plaintiff's emotional distress was severe.[35] "In order to rise to the requisite level of outrageousness, '[t]he defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'"[36]

Here, Plaintiff simply states Defendants caused him emotional distress by foreclosing on his home. Where a debt is secured by a security deed, however, a creditor commits no tortious act by foreclosing on the debtor's property when the

---

[33] [Doc. 1-1, p. 5].
[34] *See Ali v. Fleet Fin., Inc. of Ga.*, 232 Ga. App. 13 (1998) (plaintiffs' admissions that they never "had any contact whatsoever" with defendants prior to transaction were "fatal to their claims for fraud and fraudulent concealment"). *See also McCabe v. Daimler*, 160 F. Supp. 3d 1337, 1351 (N.D. Ga. 2015) (holding defendant with "no apparent relationship with [p]laintiffs" had no duty to disclose).
[35] *McClung Surveying, Inc. v. Worl*, 247 Ga. App. 322, 326 (2000) (citing *Ashman v. Marshall's of MA, Inc.*, 244 Ga. App. 228, 229 (2000)).
[36] *Id*. (internal quotation marks omitted).

debtor defaults.[37] Accordingly, absent any additional allegations of wrongful conduct by Defendants, Plaintiff fails to state an emotional distress claim.

V.     **Slander of Title**

Likewise, Plaintiff's slander of title claim must be dismissed. To state a claim for slander of title under Georgia law, a plaintiff must establish that (1) the defendant published slanderous or libelous statements; (2) the statements were false and malicious; (3) the plaintiff sustained special damages thereby; and (4) the plaintiff possessed an estate in the property slandered or libeled.[38]

Plaintiff contends Defendants falsely and maliciously impugned his title to his home by publishing a Notice of Default before the foreclosure. Such publication, however, is not a false and malicious statement. Pursuant to the Security Deed, Defendant GHFA was authorized to foreclose on Plaintiff's home and lawfully published the Notice of Default when Plaintiff defaulted.[39] Additionally, Plaintiff's generalized allegations that he "has incurred expenses in order to clear title" are wholly insufficient to demonstrate special damages, which must be pled with particularity.[40]

---

[37] *See Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 318-19 (1984) (quoting *Rome Bank & Trust Co. v. Kerce*, 140 Ga. App. 596, 600 (1976)).
[38] *Exec. Excellence, LLC v. Martin Bros. Inv., LLC*, 309 Ga. App. 279, 282 (2011).
[39] [Doc. 1-1, p. 5]. *See also* Security Deed [Doc. 3-2, p. 3].
[40] *Veatch v. Aurora Loan Serv., LLC*, 331 Ga. App. 597, 600 (2015) (quoting *Sanders v. Brown*, 257 Ga. App. 566, 568 (2002)).

## VI. Declaratory Relief

Finally, Plaintiff requests a declaration that Defendants had no authority to foreclose on his home based on the alleged deficiencies in the securitization of the mortgage. To obtain a declaratory judgment under Georgia law, a plaintiff "must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests."[41] Declaratory relief, however, is improper where the defendant has "a right in the security deed and attached property, and the standing to institute a non-judicial foreclosure sale."[42] Here, Defendant GHFA held the Security Deed and thus was authorized to foreclose on Plaintiff's home when he defaulted.[43] Accordingly, Plaintiff is not entitled to the declaratory relief he seeks.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss [Doc. 3] and **DISMISSES** Plaintiff's Complaint [Doc. 1-1] for failure to state a claim upon which relief can be granted. The Court also **DENIES** as **MOOT** Plaintiff's Motion to Recover Original Documents [Doc. 11], Plaintiff's Motion for Jury Trial and Issuance of Subpoena [Doc. 14], Plaintiff's Motion to Confirm Jury Trial [Doc. 20], Defendants' Motion to Dismiss Plaintiff's "Amendment One to Complaint" [Doc.

---

[41] *Milani v. One West Bank FSB*, 491 F. App'x 977, 979 (11th Cir. 2012) (per curiam) (quoting *Porter v. Houghton*, 273 Ga. 407, 408 (2001)).
[42] *See Sparra v. Deutsche Bank Nat'l Trust Co.*, 336 Ga. App. 418, 422 (2016).
[43] *See* GHFA Transfer and Assignment [Doc 3-3, p. 1]; Security Deed [Doc. 3-2, p. 3].

8], and Defendants' Motion to Strike Plaintiff's "Second Amended Complaint" [Doc. 22].

**SO ORDERED,** this 15th day of August, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT